NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3527
_____

UNITED STATES OF AMERICA

v.

WILMER VASQUEZ-ALGARIN,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-11-cr-00200-003)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit LAR 34.1(a)
June 2, 2014

Before:  HARDIMAN, SCIRICA and ROTH, *Circuit Judges*.

(Filed: July 9, 2014)
_____

OPINION
_____

HARDIMAN, *Circuit Judge*.

Wilmer Vasquez-Algarin appeals the District Court's judgment of conviction and

sentencing order. Counsel for Vasquez-Algarin has moved for permission to withdraw

pursuant to *Anders v. California*, 386 U.S. 738 (1967). We will grant counsel's motion and

affirm the District Court's order.

I

Because we write for the parties, who are well acquainted with the case, we recite only the facts and procedural history essential to our decision.

Vasquez-Algarin pleaded guilty under a plea agreement to one count of conspiring to distribute and possess with intent to distribute and dispense 500 grams or more of cocaine hydrochloride. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), 846. The plea agreement included a waiver of the right to a direct appeal. A Spanish interpreter translated the plea agreement for Vasquez-Algarin, who does not speak English. Vasquez-Algarin signed the agreement and testified at the change of plea hearing that he knowingly and voluntarily entered into it. Before sentencing, Vasquez-Algarin filed a motion to withdraw his guilty plea, which the District Court denied. The District Court sentenced Vasquez-Algarin to 108 months' imprisonment, the bottom of the Guidelines range.

Vasquez-Algarin filed this timely appeal, and his counsel moved to withdraw.[1]

II

In a case arising under *Anders*, we determine whether: (1) counsel has adequately fulfilled the *Anders* requirements; and (2) an independent review of the record presents any non-frivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

To meet the first prong, appointed counsel must examine the record, conclude that

2

there are no non-frivolous issues for review, and request permission to withdraw. Counsel must accompany a motion to withdraw with "a brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. Defense counsel identified two potential grounds for appeal—Vasquez-Algarin's request to withdraw his guilty plea and the District Court's Guidelines calculation—and discussed why they lack merit.

A defendant must establish a "fair and just reason" in order to withdraw a guilty plea. *See* Fed. R. Crim. P. 11(d). That analysis turns on three factors: "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003). The District Court properly denied the motion. Vasquez-Algarin cannot dispute that he understood the agreement because a Spanish interpreter translated the plea hearing proceedings and the plea agreement for him. Nor has he asserted his innocence; in fact he restated his guilt in a hearing on the motion to withdraw. With respect to the District Court's calculation of the Guidelines range for the sentence, Vasquez-Algarin's counsel rightly notes that Vasquez-Algarin waived his right to a direct appeal.

In sum, we find that counsel's discussion of the reasons why no appealable issue exists meets the requirements of *Anders*'s first prong. Our independent review of the record under *Anders*'s second prong confirms counsel's view that there are no meritorious

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction

issues for appeal. Vasquez-Algarin's plea agreement, which as we said was entered into knowingly and voluntarily, waived his right to a direct appeal. Thus, even if meritorious appellate issues existed, we would not review them.

III

For the reasons stated, we will affirm the District Court's judgment of conviction and sentence, and in a separate order, grant counsel's motion to withdraw.

---

under 28 U.S.C. § 1291.